WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Paradise Hospitality Incorporated, et al.,<br><br>Defendants. | No. CV-14-00337-PHX-DGC<br><br>**ORDER** |

Defendants Paradise Hospitality, Inc. ("Paradise"), Dae In Kim ("Kim"), and Jane Nam Kim ("Mrs. Kim") have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)-(3) and (6). Doc. 17. The motion is fully briefed. The Court will deny the motion.[1]

**I.      Background.**

Plaintiff Best Western International Inc. ("Best Western") alleges that on November 19, 2012, Paradise and the Kims applied for a Best Western membership for the "Grand Plaza Hotel & Convention Center" located in Toledo, Ohio. Doc. 1, ¶ 24. The application was approved and the hotel became a Best Western member property. *Id*., ¶ 27. Defendants' relationship with Best Western was memorialized in a Membership Agreement. *Id*., ¶ 9. Under the Agreement, Defendants were required to

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

pay all fees, dues, charges, and assessments and to promptly pay the costs of all goods or services provided through Best Western. *Id*., ¶¶ 10-12.

On October 11, 2013, Defendants sent Best Western a letter requesting to voluntarily terminate the Membership Agreement. *Id*., ¶ 30. Three days later, on October 14, 2013, Best Western sent Defendants a letter confirming the termination. *Id*., ¶ 32. Pursuant to the Membership Agreement, termination triggered obligations to immediately pay off Defendants' account balance with Best Western, to remove all Best Western marks displayed at the hotel, and to remove any advertising for Defendants' hotel using Best Western marks within fifteen days. *Id*., ¶¶ 21-22.

Best Western alleges that Defendants failed to pay off their account balance of $793, 958.32 and to remove Best Western symbols from the hotel and advertising. *Id*., ¶¶ 34, 37, 39. The complaint asserts eleven claims, including breach of contract, breach of guaranty, breach of the implied covenant of good faith and fair dealing, unjust enrichment, unfair competition, and trademark infringement. *Id*., ¶¶ 40-118.

On October 26, 2011, Paradise filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). Doc. 25, ¶ 3. On November 23, 2011, Kim filed an individual petition for Chapter 11 bankruptcy. *Id*., ¶ 4. Defendants assert that both bankruptcy proceedings are ongoing. *Id*., ¶¶ 12-13.[2]

**II.   Legal Standard.**

   **A.   Rule 12(b)(1): Subject Matter Jurisdiction.**

The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the Court. *See* Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a

---

[2] Despite alleging that each of their bankruptcy proceedings are ongoing, none of the defendants assert that this litigation is subject to an automatic stay. The Court will therefore consider the motion.

facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the Court "may review evidence beyond the complaint without converting the motion to dismiss to a motion for summary judgment." *Id.*; *see Augustine*, 704 F.2d at 1077.

### B.    Rule 12(b)(2): Personal Jurisdiction.

The plaintiff bears the burden of establishing personal jurisdiction. *See, e.g., Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Because no statutory method for resolving the personal jurisdiction issue exists, the district court determines the method of its resolution. *See Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citing *Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939)). A district court may allow discovery to help it determine whether it has personal jurisdiction over a defendant. *See id.* at 1285 n.1. In addition, a district court may hear evidence at a preliminary hearing to determine its jurisdiction. *See id.* at 1285 n.2. At such a preliminary hearing, the plaintiff must establish the jurisdictional facts by a preponderance of the evidence. *See id.* at 1285. If the district court does not hear testimony or make findings of fact and permits the parties to submit only written materials, then the plaintiff must make only a prima facie showing of jurisdictional facts to defeat the defendant's motion to dismiss. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir. 1995). Under this prima facie burden of proof, the plaintiff need only establish facts, through admissible evidence, that if true would support personal jurisdiction over the defendant. *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). If the complaint survives the motion to dismiss under a prima facie burden of proof, however, the plaintiff must still prove the jurisdictional facts by a preponderance of the evidence at a preliminary hearing or at trial. *Data Disc*, 557 F.2d at 1285 n.2.

/ / /

**C. Rule 12(b)(3): Venue.**

When deciding a motion to dismiss under Rule 12(b)(3), the Court need not accept the pleadings as true and may consider facts outside the pleadings. *See R.A. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Plaintiff need only make a prima facie showing of proper venue. *Id.*

**D. Rule 12(b)(6): Failure to State a Claim.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**III. Analysis.**

Defendant argues that Plaintiff's complaint must be dismissed for four reasons: (1) the Court lacks subject matter jurisdiction because the Bankruptcy Court has "core" jurisdiction over the claims in this case, (2) the Court lacks personal jurisdiction over Defendants because the Membership Agreement is null and void, including its forum selection clause, (3) the Central District of California is the proper venue to litigate the claims in this case, (4) Plaintiff has failed to state a claim because the Membership Agreement is null and void as it is an "out of the ordinary course of business" transaction that the California Bankruptcy Court did not approve. The Court will address each argument below.

/ / /

### A.   Subject Matter Jurisdiction.

As a preliminary matter, Defendants do not persuasively argue that this Court lacks subject matter jurisdiction over the case. Plaintiff's complaint asserts three claims arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* Doc. 1, ¶¶ 5, 77-101. The Court normally would have federal question jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338. In addition, the Court would have discretion to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Defendants get sidetracked in their briefing by focusing on arguments that the Bankruptcy Court has "core" or "related to" jurisdiction over the case without ever addressing how the Bankruptcy Court's jurisdiction would affect this Court's ability to adjudicate Plaintiff's claims. The logical implication of Defendants' arguments is that a finding of bankruptcy court jurisdiction somehow divests this Court of subject matter jurisdiction. For the reasons stated below, the Court concludes that the Bankruptcy Court lacks jurisdiction to adjudicate Plaintiff's claims. But even if the Court held otherwise, Defendants have cited no authority suggesting that a finding of bankruptcy court jurisdiction would deprive this Court of subject matter jurisdiction.

A bankruptcy court "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). Proceedings "arising in" bankruptcy are generally referred to as "core" proceedings, and essentially are proceedings that would not exist outside of bankruptcy, such as "matters concerning the administration of the estate," "orders to turn over property of the estate," and "proceedings to determine, avoid, or recover preferences." 28 U.S.C. § 156(b)(2); *see also In re Harris Pine Mills*, 44 F.3d 1431, 1435-37 (9th Cir. 1995). "A bankruptcy court also has jurisdiction over a much broader set of cases: those proceedings that are 'related to' a bankruptcy case." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005); 28 U.S.C. § 157(c)(1).

#### 1.   Core Proceeding.

In general, "proceedings that do not invoke substantive rights created by

bankruptcy law and that could exist outside of bankruptcy court are not core proceedings[.]" *In re ACI-HDT Supply Co.* 205 B.R. 231, 235 (B.A.P. 9th Cir. 1997) (citing *In re Eastport Assocs.*, 935 F.2d 1071, 1076 (9th Cir. 1991)). In this case, Plaintiff seeks to enforce contractual rights that exist independent of federal bankruptcy law. Because the Court does not believe (and Defendants have not argued) that Plaintiff's claims are "inextricably bound to the claims allowance process or a right created by the Bankruptcy Code[,]" *In re Harris Pine Mills*, 44 F.3d at 1438 (citation omitted), this is not a core bankruptcy proceeding. *See Id.*, 44 F.3d at 1435 ("If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding[.]") (citing *In re Wood*, 825 F.2d 90, 96-97 (5th Cir. 1987)); *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994) ("Core proceedings are matters concerning the administration of the estate and the rights created by title 11.") (internal quotation marks and citation omitted).

### 2. "Related to" Proceeding.

To determine whether a case is "related to" a bankruptcy case, the Ninth Circuit applies the *Pacor* test. *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988). The *Pacor* test asks whether:

> *[T]he outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis in original). *In re Pegasus Gold Corp.* held, however, that "post-confirmation bankruptcy court jurisdiction is necessarily more limited than pre-confirmation jurisdiction," and adopted a modified test to determine a bankruptcy court's "related to" jurisdiction. 394 F.3d at 1194. Under this test, a court must determine "whether there is a close nexus to

the bankruptcy plan or proceeding sufficient to uphold bankruptcy jurisdiction over the matter." *Id.* (quoting *In re Resorts Int'l, Inc.*, 372 F.3d 154, 166-67 (3d Cir. 2004)). "[M]atters affecting the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." *In re Pegasus Gold Corp.*, 394 F.3d at 1194 (internal quotation marks and citation omitted).

The parties agree that this lawsuit arose post-confirmation. The Court concludes that no "close nexus" exists between this case and either of the bankruptcy plans or proceedings because this case will in no way affect the interpretation, implementation, consummation, execution, or administration of Defendants' confirmed bankruptcy plans. Defendants argue that a close nexus exists because "it is clear that [Plaintiff's] claims significantly threaten and impair the ability of Paradise and Kim to perform under the terms of the confirmed plans of reorganization[]" because Plaintiff's claims might reduce the size of the respective bankruptcy estates to the detriment of Defendants' creditors. Doc. 17 at 11. The Ninth Circuit has rejected such arguments and indicated that when the underlying litigation does not affect implementation of a bankruptcy plan, but merely increases or decreases assets available for distribution under the plan, "related to" jurisdiction does not exist. *See In re Heller Ehrman LLP*, 461 B.R. 606, 609 (N.D. Cal. 2011); *In re Pegasus Gold*, 394 F.3d 1189 n.1. Because Plaintiff's claims do not fall within the "core" or "related to" jurisdiction of the Bankruptcy Court, the Court concludes that no bankruptcy jurisdiction exists.

### B.   Personal Jurisdiction.

Defendants argue that the Membership Agreement is null and void because it was purportedly a transaction outside of the ordinary course of Defendants' business and therefore required prior approval from the Bankruptcy Court. Doc. 17 at 3. Because the Membership Agreement did not receive prior approval, Defendants assert that the forum selection clause contained in the Membership Agreement is not unenforceable and that this Court therefore lacks personal jurisdiction over Defendants. *Id*.

Section 363 of the bankruptcy code states that a trustee (or debtor in possession)

may only "use, sell, or lease" property outside the ordinary course of business "after notice and a hearing."  11 U.S.C. § 363(b)(1).  Because the requirements of section 363(b) protect the creditors' interest in the bankruptcy estate's assets, transactions outside the ordinary course of business that do not adhere to the notice and hearing requirements are usually rendered null and void.  *In re Koneta*, 357 B.R. 540, 543 (Bankr. D. Ariz. 2006).  "A determination of whether a transaction falls outside the ordinary course of business is a question of fact that depends on the nature of industry practice."  *Ganis Credit Corp. v. Anderson (In re Jan Weilert RV, Inc.)*, 315 F.3d 1192, 1196 (9th Cir. 2003) (citing *Arrow Elecs., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir. 2000)).  Two tests are used to determine if a transaction is within the ordinary course of business for purposes of section 363(c) – the vertical dimension test and the horizontal dimension test.  *In re Straightline Invs., Inc.*, 525 F.3d 879, 879 (9th Cir. 2008).  If both tests are satisfied, the Court must conclude that the Membership Agreement occurred in Defendants' ordinary course of business.  *Id.*[3]

The vertical and horizontal dimension tests are fact intensive inquiries enmeshed with the merits of the case.  Where, as here, the jurisdictional facts are "intertwined" with the merits and a decision on the jurisdictional issue is dependent on a decision on the merits, it is preferable for the Court to decide the jurisdictional issue at trial to avoid the risk of prejudicing Plaintiff's case on the merits.  *Data Disc, Inc.*, 557 F.2d at 1285 n.2.  At this stage Plaintiff need only make a prima facie showing of jurisdiction.  *Id.*  Plaintiff has satisfied this burden by submitting a signed copy of the Membership Agreement, which contains a forum selection clause consenting to the application of Arizona law and to the jurisdiction of federal and state courts located in Arizona.  Doc. 1-1 at 6, 8.

/ / /

---

[3] Defendants do not address either test in their briefs.  In fact, Defendants assert that the vertical and horizontal tests "ha[ve] been soundly rejected by federal courts at all levels based upon the forgoing analysis: is the transaction a daily occurrence or is it an exceptional event."  Doc. 29 at 6.  Defendants are simply wrong and the authorities they cite to the contrary, which include only two Southern District of New York cases from the mid-1990's and a Second Circuit case from 1997, do not persuade this Court to disregard more recent Ninth Circuit precedent.

### C. Venue.

Defendant argues that venue is proper in the District Court for the Central District of California because of the ongoing proceedings in the Bankruptcy Court. Doc. 17 at 3. The Court disagrees. Plaintiff need only make a prima facie showing of proper venue to avoid dismissal under Rule 12(b)(3). *Rio Props., Inc.*, 284 F.3d at 1019. As above, Plaintiff has satisfied this burden by submitting a copy of the Membership Agreement signed by each defendant, which contains a forum selection clause designating Maricopa County, Arizona as the proper venue. Doc. 1-1 at 6, 8.

### D. Failure to State a Claim.

Defendants argue that Plaintiff has failed to state a claim.[4] Doc. 17 at 4. Defendants do not really argue that Plaintiff has failed to properly state any claims. They instead repeat their assertion that Plaintiff's claims fail because the Membership Agreement is unenforceable. Because a plaintiff does not need to anticipate and plead around all potential defenses, a court generally will not dismiss a complaint for failure to state a claim under Rule 12(b)(6) when a defendant merely asserts affirmative defenses. *See Gomez v. Toledo*, 446 U.S. 635 (1980). For all of the reasons outlined above, the Court will not determine at this stage whether the Membership Agreement is enforceable.

**IT IS ORDERED**:

1. Defendants' motion to dismiss (Doc. 17) is **denied**.

---

[4] Defendants argue that, because their motion asserts a right to relief pursuant to 12(b)(6) and presents extrinsic evidence outside the four corners of Plaintiff's complaint, their motion *must* be treated as one for summary judgment. Doc. 17 at 5. Defendants are incorrect. The Court *must* convert and treat a Rule 12(b)(6) motion as one for summary judgment under Rule 56 *only if* the Court gives adequate notice of its intention to consider matters outside of the pleadings in ruling on the 12(b)(6) motion. *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003); *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981). The Court has considered matters outside of the pleadings to resolve Defendants' jurisdictional arguments only, which the Court can do without converting the motion into one for summary judgment. *Augustine*, 704 F.2d at 1077. The Court will not consider matters outside of the pleadings in ruling on Defendants' Rule 12(b)(6) motion. The Court therefore will not convert Defendants' motion to dismiss into a motion for summary judgment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2. Plaintiff's motion requesting the Court to rule on Defendants' motion to dismiss (Doc. 33) is **denied as moot**.

3. The Court will set a Rule 16 Case Management Conference by separate order.

Dated this 26th day of August, 2014.

*David G. Campbell* (signature)
_____
David G. Campbell
United States District Judge